# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT KEITH MELLENTHIN,<br><br>          Plaintiff,<br><br>v.<br><br>FIRST STUDENT, MIKE HALBE, CURTIS TUCKER and CARTEZ PARKS,<br><br>          Defendants. | No.: 3:14-cv-00415-MJR-DGW<br><br>JURY TRIAL DEMANDED |

## NOTICE OF REMOVAL

COME NOW Defendants First Student,[1] Mike Halbe, and Curtis Tucker (collectively "Defendants"), pursuant to 28 U.S.C. §§ 1331, 1367, and 1446 and for their Notice of Removal, state as follows:

1. The above-referenced action, now pending in the Circuit Court of Madison County, Illinois, is a civil action brought by Plaintiff against Defendants.

2. A certified copy of the state court file is attached hereto as Exhibit A.

3. Plaintiff's Complaint was filed on February 28, 2014, and the case was assigned number 14-L-333. The Complaint and Summons were served on Defendants Mike Halbe and Curtis Tucker on March 17, 2014. Defendant First Student has not been served, but joins in this removal.

4. Defendants are removing this matter based upon federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1446, as the Court has original jurisdiction of Counts III and IV of Plaintiff's Complaint, which allege violations of United States law.

---

[1] The correct legal name for Defendant First Student is "First Student, Inc."

5. Because the Circuit Court of Madison County, Illinois, lies in the Southern District of Illinois, this Court is the appropriate venue for removal. 28 U.S.C. § 93(c) and § 1441(a).

6. Plaintiff alleges that he is a former employee of Defendant First Student who experienced harassment based on his sexual orientation, discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Illinois Human Rights Act, 775 ILCS 5/1-101, *et seq*.

7. This Court possesses original jurisdiction over Plaintiff's Complaint because Counts III and IV of the action allege civil violations of United States law. 28 U.S.C. § 1331.

8. This Court possesses supplemental jurisdiction over counts I, II, V, VI and VII of Plaintiff's Complaint because the claims in those counts are so related to claims over which this Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a).

9. "Federal district courts have original jurisdiction over all cases arising under federal law." *Nieman v. Nationwide Mutual Ins. Co.*, No. 09-3304, 2009 U.S. Dist. LEXIS 115725, at *4 (C.D. Ill. Dec. 10, 2009) (*citing* 28 U.S.C. § 1331).

10. Plaintiff alleges claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. *See* Pet. Count I- ¶ 14; Count II- ¶ 14. Therefore, Plaintiff's reliance upon federal law in his cause of action makes this case removable under §§ 1331 and 1446.

11. "Additionally, federal district courts have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Nieman*, at *4 (*citing* 28 U.S.C. § 1367(a)). When determining whether to exercise supplemental jurisdiction, the federal district courts consider

"judicial economy, convenience, fairness, and comity." *Nieman*, at *5.

12. All of Plaintiff's claims, state and federal are based on the circumstances surrounding his employment and resignation from First Student, therefore the Court has supplemental jurisdiction. "Separating the federal claims from the state claims would unnecessarily tax judicial resources, needlessly subject all parties to duplicative discovery requests, and raise the spector of inconsistent outcomes." *Nieman*, at *6.

13. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is filed within thirty (30) days of service of summons on the Defendants Halbe and Tucker.

14. Defendants have located no record of Defendant Cartez Parks being served in this matter.

15. Pursuant to 28 U.S.C. § 1446(d), Defendants are mailing today the Notice to Removal to the Clerk of the Third Judicial Circuit Court in Madison County, Illinois.

16. Pursuant to 28 U.S.C. § 1446(d), Defendants are mailing today a Notice to Plaintiff, stating that a Notice of Removal to the Clerk of the United States District Court for the Southern District of Illinois was filed, and serving a copy of this Notice of Removal upon Plaintiff. A copy of the Notice to Plaintiff is attached as Exhibit B.

WHEREFORE, having fulfilled all statutory requirements, Defendants remove the above-referenced action pending in the Third Judicial Circuit, Madison County, Illinois to this Court, and request this Court assume jurisdiction over the matter as provided by law and permit this action to proceed before it as a properly removed matter.

Respectfully submitted,


/s/ Amy L. Nixon
Amy L. Nixon, #6276714
Latieke M. Lyles #6298527
LITTLER MENDELSON, P.C.
One Metropolitan Square
211 North Broadway, Suite 1500
St. Louis, MO  63102
Telephone: 314.659.2000
Facsimile: 314.659.2099
anixon@littler.com
llyles@littler.com

Attorneys for Defendants First Student,
Mike Halbe and Curtis Tucker

## CERTIFICATE OF SERVICE

A copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system on this 4th day of April, 2014 upon the following:  Mr. Michael J. Brunton, Attorney for Plaintiff, 819 Vandalia (HWY 159) Collinsville, IL 62234.

/s/ Amy L. Nixon


Firmwide:126146916.3 052280.1000